OLIMPIA CARMEN LUISA RIVERA TORRES, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellee.

No. R-64-48.  Decided November 6, 1964.

*Juan A. Faría* and *Luis E. García Benítez* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Cruz Balzac Faría and her husband, Domingo Rivera Pagán, upon their deaths on May 8 and 17, 1962, left a property consisting of a lot and dwelling in Hato Rey. For the pertinent purposes it was assessed at $16,180. Half of said property was adjudicated as inheritance in joint ownership in equal shares to her sisters Monserrate, Juana and Carmen María, and to her brother Rafael surnamed Balzac Faría, all of legal age. By deed No. 20, executed in San Juan on June 28, 1963 before Notary Orlando Quiñones

Boneta, the Balzac sisters and their brother Rafael gratuitously donated their joint ownership in said property to Olimpia Carmen Luisa Rivera Torres in consideration of the kindness she had for the deceased. The value of each of said joint ownerships amounted to $2,022.50.

In assessing the gift tax the Secretary of the Treasury granted the donee an exemption of $1,000. She maintains that she was entitled to an exemption of $1,000 in each of the four undivided joint interests donated to her, that is, a total exemption of $4,000. The trial court dismissed the complaint by virtue of the decision in *Semanaz* v. *Secretary of the Treasury*, 76 P.R.R. 385 (1954).

Section 4(a) of the Act to levy inheritance and gift tax —Act No. 303 of April 12, 1946, as amended—provides that there shall be exempt from taxation and excluded from the total of taxable gifts (1) the first $1,000 *of the total* gifts received by the recipient. In *Semanaz* v. *Secretary of the Treasury, supra,* we stated thus, applying the preceding provision of the Act:

"The context of that section is crystal-clear and easy to construct. The first $1,000 of the total gifts received by the donee are none other than the first $1,000 received as gifts by a person, whether in a single act or in several acts; in other words, if a gift of $1,000 or less is made to a person and that is the first gift it shall be tax exempt, but if several gifts are made to that same person totalling over $1,000, then, according to the clear and conclusive wording of the statute, only the first $1,000 of the gifts shall be exempt from the payment of the tax under the law, but not any amount or amounts presented as gifts exceeding that specific sum. Such excess shall be subject to tax. . . . It makes no difference, we repeat, whether a single gift or two or more gifts are involved under either subdivision."

It is possible that the case at bar is distinguished from that of *Semanaz* on the fact that in this case different persons donated their corresponding shares and in *Semanaz,*

where the donation was made by the father and the mother in favor of their daughter regarded as part of her legal portion, presumptively of community property, it could be regarded as a single donation or a single donor, and not several donations as in the present case. Even so, in *Semanez* we held that where separate gifts are involved only the first $1,000 of the total amount thereof are exempt.

■ Our statute, which in general terms follows the pattern of the federal gift-tax statute, although in some basic aspects it departs therefrom, constitutes an integrated taxation plan and it functions on the basis of the donations received by a person after the approval of Act No. 303. This statute does not take each donation as a separate taxable event isolated from other donations. It is for that reason that the Act included the terms "accumulated gifts," defining it as the sum of taxable gifts received by a given recipient since the effective date of this Act, and providing that a "taxable gift" constituted the amount of any gift minus the exemption allowed by § 4. Hence, §§ 2 and 3 contain a tax integrated in such a manner that it involves the first gift and the second and subsequent gifts, and the mechanism is established to determine the tax of a particular act taking into consideration the accumulation of previous gifts. Also the provisions of § 5(b) in relation to the gift of property that has been totally or partially subject to inheritance or gift tax within 20 years prior to the date of the gift involved, for the purpose of allowing certain credit.

■ Appellant bases her right on the provision of § 7 of the Act, and maintains that pursuant thereto § 4(a) should be construed in the sense that it allows an exemption of $1,000 on the value of each of the joint interests donated. We do not understand how § 7 could help. It provides that every donor making any gift of $1,000 or more shall, within ten days after the date of such gift, make a return to the Secretary of the Treasury, and shall do likewise even when

the gift is less than $1,000, in which case it would be exempt, if the same should bring over to $1,000 the total of such gift made to *any one person* since the beginning of the calendar year or since the previous return with respect *to such person*, if later. It is merely an information return since, unlike the Federal Act, the tax herein is paid by the donee and not by the donor. Actually, its purpose is to inform the Secretary that a person has made gifts to another which totally exceed $1,000 and which, therefore, are taxable gifts because of the excess. This section rather ratifies the sense of accumulation of § 4(a). On the other hand, § 7 itself provides in subdivision (b) that the donee, who is responsible for the tax, shall make a return whenever he receives gifts during any calendar year amounting to $1,000 or more *totally*.[1]

The judgment dismissing the complaint will be affirmed.

---

[1] Appellant adduces that the provisions of our Act are quite confusing. Maybe she is right. The statutes we have seen, including even the Federal Act, create the taxation mechanism in terms of one-year periods. Thus it is evident that the exemption granted of the total of the gifts includes those received during a period of 12 months. Notwithstanding § 4(a), Act No. 303 suggests in its § 7(b) that they are gifts in excess of $1,000 for a period of one year only. The problem, anyway, is not under consideration at the present time, since the four gifts, each one in excess of $1,000, were made on the same day.